# APPENDIX ITEM #3

236-274469-14

FILED
TARRANT COUNTY
10/29/2014 3:34:56 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 236-274469-14

| | | |
|---|---|---|
| Tara Lawshe, as Guardian of the Person and Estate of Kenya Burns, Cami Burns, and Brealyn Burns, Minors, | § § § § | IN THE DISTRICT COURT |
| Intervenor, | § § | |
| V. | § § | TARRANT COUNTY, TEXAS |
| | § § | |
| Moritz Cadillac, Inc., A/K/A Moritz Partners, L.P., A/K/A Discount Motors, | § § § § | |
| Defendants. | § | 236th JUDICIAL DISTRICT |

### PETITION FOR INTERVENTION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Elainia Brown (hereinafter referred to as "Intervenor"), complaining of Moritz Cadillac, Inc., A/K/A Moritz Partners, L.P., A/K/A Discount Motors, and would show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Intervenor intends to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Intervenor, Elainia Brown, is the surviving biological daughter of Mark Burns and Darla Burns, deceased. She resides in and is a citizen of Grand Prairie, Texas.

3. Plaintiff, Tara Lawshe, is an individual residing in

236-274469-14

Texas.

4. Defendant, Moritz Cadillac, Inc., A/K/A Moritz Partners, L.P., A/K/A Discount Motors is business in Texas and service of process has been obtained. Defendant has filed an Answer to this lawsuit.

### III.
### Tex. R. Civ. P. 47

5. As a general matter, Intervenor's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Intervenor in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. The jury will also be reminded of the value that we as free Americans place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit. Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money a plaintiff is seeking in a given suit. Therefore, due to the new rules put in place in 2013, and pursuant to Texas Rule of Civil Procedure 47(c)(5), Intervenor hereby states that she is seeking monetary relief of over $1,000,000.

236-274469-14

## IV.
## INTERVENOR'S INTEREST

6. Intervenor has a justifiable interest in this matter as Mark Burns and Darla Burns, deceased were in the vehicle at the time of the incident. As a result of the accident, Mark Burns and Darla Burns, deceased suffered fatal injuries.

7. Intervenor files this Petition In Intervention to protect her rights and claims for damages arising from Defendant Moritz Cadillac, Inc., A/K/A Moritz Partners, L.P., A/K/A Discount Motors's actions and omissions which caused damages to Intervenor. Accordingly, Intervenor is entitled to recover for damages from Defendants.

8. As Intervenor's claims and causes of action arise from the same occurrence, the July 19, 2013 automobile wreck, Intervenor's claims and causes of action involve common questions of law and fact as those asserted by Plaintiffs in this lawsuit.

9. For these reasons, as well as those more fully described below, Intervenor hereby asserts her claims and causes of action against Defendants by and through their Petition In Intervention.

## V.
## FACTUAL BACKGROUND

10. On July 19, 2013, Mark Burns was driving a 2007 Kia Sedona (VIN# KNDMB233X76111868), traveling westbound on US 67, in Somervell County, Texas, when his vehicle was struck head on causing him to lose control.

11. Mark Burns died due to fatal injuries he suffered due to his vehicle not protecting him.

236-274469-14

12. Darla Burns died due to fatal injuries she suffered due to her vehicle not protecting her.

## VII.
## CAUSES OF ACTION

13. Plaintiffs files this claim against Defendant Moritz Cadillac, Inc., A/K/A Moritz Partners, L.P., A/K/A Discount Motors due to Defendant's negligent acts and/or omissions which include, but which are not necessarily limited to, include one of more of the following:

   a. Defendant failed to properly inspect the airbag restraint system;
   b. Defendant failed to properly inspect the safety systems on the vehicle;
   c. Defendant removed and/or caused to be removed the fuse for the airbag system;
   d. Defendant failed to note the airbag systems were inoperable; and
   e. Defendant sold a vehicle with an inoperable airbag restraint.

## VIII.
## DAMAGES

14. As a result of the acts and/or omissions of the Defendants, Plaintiff has suffered past and future: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the deaths of Mark Burns and Darla Burns.

15. As a result of the acts and/or omissions of the Defendants, Plaintiff has become obligated to pay reasonable and necessary funeral and burial expenses as a result of the fatal injuries to Mark Burns and Darla Burns.

16. The above and foregoing acts and/or omissions of the Defendants, resulting in the

236-274469-14

fatal injuries to Mark Burns and Darla Burns, have caused actual damages to Plaintiff in excess the minimum jurisdictional limits of this Court.

## VIII.
## INTENT TO USE DEFENDANT'S DOCUMENTS

17. In accordance with Texas Rule of Civil Procedure Rule 193.7, Plaintiff hereby notifies Defendants that any and all documents produced to Plaintiffs by Defendants in response to written discovery requests may be used at any pretrial proceeding, as well as entered into evidence at the final trial of this cause, and are considered authenticated as to producing parties by the fact of production itself.

## IX.
## REQUESTS FOR DISCLOSURE

18. Under Texas Rule of Civil Procedure 194, Plaintiffs hereby request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X.
## CONCLUSION AND PRAYER

19. For the reasons presented herein, Plaintiffs pray that Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendants for:

    a.    economic and non-economic damages;
    b.    prejudgment and post-judgment interest;
    c.    costs of suit; and
    d.    all other relief, general and special, to which Plaintiffs are entitled to at law and/or in equity, and/or which the Court deems proper.

236-274469-14

                    Respectfully submitted,

                    The TRACY firm

/s E. Todd Tracy
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
Stewart D. Matthews
State Bar No. 24039042
SMatthews@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, Texas  75231
(214) 324-9000 – Telephone
(972) 387-2205 – Facsimile

**ATTORNEYS FOR INTERVENOR**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following person(s) by Certified Mail, Return Receipt Requested, and/or by Telecopier, this 22 day of October 2014.

| | |
|---|---|
| John S. Jose<br>Slack & Davis, LLP<br>100 Lexington Street, Ste. 070<br>Fort Worth, TX 76102<br>817-288-8999 FAX | Mike Davis<br>Slack & Davis, LLP<br>2705 Bee Cave Road, Ste. 220<br>Austin, TX 78746<br>512-795-8787 FAX |

Jonathon Manning
Law Offices of Gallerson & Yates
2110 Walnut Hill Lane, Suite 200
Irving, TX 75038
603-334-7527 FAX

                    /s E. Todd Tracy

PETITION IN INTERVENTION AND
REQUEST FOR DISCLOSURES                    Page 6

236-274469-14

E. Todd Tracy